IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01159-EWN-BNB

CNA SURETY, a/k/a WESTERN SURETY COMPANY, a South Dakota corporation,

Petitioner,

v.

AMY BARNETT,
ANNE BLAIR,
BRENDA BOUSSON,
CHRISTINA COLBY,
KEVIN COLBY,
DEBORAH COMBS,
DON DAVIDSON,
TONIA DEMPS,
JAMIE P. DUBS,
FIRESIDE BANK,
FIRST FINANCIAL,
KERRI FREEMAN,
PHILISSA E. GILLIARD,
LOUIS GOMEZ,
RUDOLPH GOMEZ,
JAMES S. GOSNEL,
LORNA HAY,
REGINALD HODGE,
TAMMY JENSEN,
CHERIE JORDACHE,
JERRETH MATHEWIS,
DENA MC CLAIN
MICHAEL MC KINNON,
STEPHEN E. MILLIGAN,
MELISSA MOSS,
NARVEL POMELLS,
MURSHIN A. REDMOND,
SHADRICK ROUNDS,
REBECCA STITES,
TRAVIS TALLEY,
PATRIC TAYLOR,
TREMAYNE TAYLOR,
STACI M. TURNER,

GERTHA WALKER,
CLAY WILLHITE,
TERISH WILLIAMS, and
MARK D. WINKLER,

Respondents.
_____

# ORDER
_____

This matter is before me on the petitioner's **Motion Regarding Attached Proposed Order** [Doc. # 6, filed 10/4/2006] (the "Motion"). This is an interpleader action brought pursuant to 28 U.S.C. § 1335. The Motion requests that I enter a proposed order, and the proposed order modifies the Federal Rules of Civil Procedure as follows: (1) allows service of process by mail and relieves the petitioner of its obligation to make personal service against the respondents; (2) relieves the respondents of their obligation, if any, to be represented by a lawyer and to appear in court; and (3) provides for a claim processing procedure administered primarily by the petitioner's counsel and submitted to the court for final approval and an order disbursing the interpleaded funds. The basis for the request is that the interpleaded funds are limited to $30,000; the claims against the interpleaded funds far exceed $30,000; and the petitioner desires to preserve as much money as possible for distribution to the claimants and to reduce the expenses associated with this action.

At an earlier hearing, I ordered the petitioner to provide me with support for its request to be relieved of the duty to make personal service of process. The petitioner's *Response* [Doc. # 10, filed 10/25/2006] directs me to Rule 4(g), Colo. R. Civ. P., which provides:

> Except as otherwise provided by law, service by mail or publication shall be allowed only in actions affecting specific property or status

> or other proceedings in rem. When service is by publication, the complaint need not be published with the summons. The party desiring service of process by mail or publication under this section (g) shall file a motion verified by the oath of such party or of someone in the party's behalf for an order of service by mail or publication. It shall state the facts authorizing such service, and shall show the efforts, if any, that have been made to obtain personal service and shall give the address, or last known address, of each person to be served or shall state that the address and last known address are unknown. The court, if satisfied that due diligence has been used to obtain personal service or that efforts to obtain the same would have been to no avail, shall:
>
> (1) Order the party to send by registered or certified mail a copy of the process addressed to such person at such address, requesting a return receipt signed by the addressee only. Such service shall be complete on the date of the filing of proof thereof, together with such return receipt attached thereto signed by such addressee. . . .

The petitioner has not complied with the requirements of Rule 4(g), Colo. R. Civ. P. Specifically, the petitioner has not submitted a verified motion containing the information required by the rule. In addition, the petitioner has not shown that "due diligence has been used to obtain personal service or that efforts to obtain the same would have been to no avail. . . ." Colo. R. Civ. P. 4(g).

The petitioner's cost concerns in connection with service may be addressed by Rule 4(d), Fed. R. Civ. P., however. That rule allows a plaintiff to request a waiver of service of process by first class mail. If the defendant agrees to waive service, the defendant must respond within 60 days. If the defendant fails to waive service, personal service is required but the rule provides that, under those circumstances, "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." Fed. R. Civ. P. 4(d)(2).

I am not aware of any authority which would allow me to relieve a corporate defendant of its obligation to be represented by a lawyer admitted to the bar of this court. See <u>Flora Const. Co. v. Fireman's Fund Ins. Co.</u>, 307 F.2d 413, 413-14 (10th Cir. 1962); <u>Wallic v. Owens-Corning Fibreglass Corp.</u>, 40 F. Supp. 2d 1185, 1188 (D. Colo. 1999).

IT IS ORDERED that the Motion is DENIED.

IT IS FURTHER ORDERED that a status conference is set for **January 5, 2007, at 1:30 p.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

Dated December 11, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge