IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01159-EWN-BNB

CNA SURETY, a/k/a WESTERN SURETY COMPANY, a South Dakota corporation,

Petitioner,

v.

AMY BARNETT,
ANNE BLAIR,
BRENDA BOUSSON,
CHRISTINA COLBY,
KEVIN COLBY,
DEBORAH COMBS,
DON DAVIDSON,
TONIA DEMPS,
JAMIE P. DUBS,
FIRESIDE BANK,
FIRST FINANCIAL,
KERRI FREEMAN,
PHILISSA E. GILLIARD,
LOUIS GOMEZ,
RUDOLPH GOMEZ,
JAMES S. GOSNEL,
LORNA HAY,
REGINALD HODGE,
TAMMY JENSEN,
CHERIE JORDACHE,
JERRETH MATHEWIS,
DENA MC CLAIN
MICHAEL MC KINNON,
STEPHEN E. MILLIGAN,
MELISSA MOSS,
NARVEL POMELLS,
MURSHIN A. REDMOND,
SHADRICK ROUNDS,
REBECCA STITES,
TRAVIS TALLEY,
PATRIC TAYLOR,
TREMAYNE TAYLOR,
STACI M. TURNER,
GERTHA WALKER,

CLAY WILLHITE,
TERISH WILLIAMS,
MARK D. WINKLER, and
CHERYL POMMELLS,

Respondents.
_____

**ORDER**
_____

This matter arises following a status conference this morning.

This is an interpleader action brought pursuant to 28 U.S.C. § 1335. It was commenced with a Petition for Interpleader filed June 16, 2006. Proceedings occurred in the summer and fall of 2006. Among other things, the petitioner filed a Motion Regarding Attached Proposed Order [Doc. # 6, filed 10/4/2006], seeking an order modifying the Federal Rules of Civil Procedure as follows: (1) allowing service of process by mail and relieving the petitioner of its obligation to make personal service against the respondents; (2) relieving the respondents of their obligation, if any, to be represented by a lawyer and to appear in court; and (3) providing for a claim processing procedure administered primarily by the petitioner's counsel and submitted to the court for final approval and an order disbursing the interpleaded funds. The basis for the request was that the interpleaded funds are limited to $30,000; the claims against the interpleaded funds far exceed $30,000; and the petitioner desires to preserve as much money as possible for distribution to the claimants and to reduce the expenses associated with this action.

I ordered the petitioner to provide support for its request to be relieved of the duty to make personal service of process. The petitioner's Response [Doc. # 10, filed 10/25/2006] directed me to Rule 4(g), Colo. R. Civ. P., which provides:

> Except as otherwise provided by law, service by mail or

> publication shall be allowed only in actions affecting specific property or status or other proceedings in rem. When service is by publication, the complaint need not be published with the summons. The party desiring service of process by mail or publication under this section (g) shall file a motion verified by the oath of such party or of someone in the party's behalf for an order of service by mail or publication. It shall state the facts authorizing such service, and shall show the efforts, if any, that have been made to obtain personal service and shall give the address, or last known address, of each person to be served or shall state that the address and last known address are unknown. The court, if satisfied that due diligence has been used to obtain personal service or that efforts to obtain the same would have been to no avail, shall:
>
> (1) Order the party to send by registered or certified mail a copy of the process addressed to such person at such address, requesting a return receipt signed by the addressee only. Such service shall be complete on the date of the filing of proof thereof, together with such return receipt attached thereto signed by such addressee. . . .

The petitioner did not comply with the requirements of Rule 4(g), Colo. R. Civ. P. Specifically, the petitioner did not submit a verified motion containing the information required by the rule. In addition, the petitioner did not show that "due diligence has been used to obtain personal service or that efforts to obtain the same would have been to no avail. . . ." Colo. R. Civ. P. 4(g).

I pointed out in an Order [Doc. # 31, filed 12/11/2006] denying the Motion Regarding Attached Proposed Order that the petitioner's cost concerns in connection with service could be addressed by Rule 4(d), Fed. R. Civ. P. That rule allows a plaintiff to request a waiver of service of process by first class mail. If the defendant agrees to waive service, the defendant must respond within 60 days. If the defendant fails to waive service, personal service is required but the rule provides that, under those circumstances, "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." Fed.

3

R. Civ. P. 4(d)(2). I also noted in the Order that I am not aware of any authority which would allow me to relieve a corporate defendant of its obligation to be represented by a lawyer admitted to the bar of this court. See Flora Const. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413, 413-14 (10th Cir. 1962); Wallic v. Owens-Corning Fibreglass Corp., 40 F. Supp. 2d 1185, 1188 (D. Colo. 1999).

On January 19, 2007, at the request of the petitioner, I entered the Order Regarding Case Management Procedure [Doc. # 37] (the "Case Procedure Order"). Pursuant to the Case Procedure Order, the petitioner was to make personal service on the claimants who had not waived service by January 26, 2007. At appropriate times specified in the Case Procedure Order, the petitioner was to move for default judgement against claimants who, after proper service, had not responded; receive proofs of claim from the respondents; and, following a claim administration period overseen by the petitioner, file a motion recommending the manner in which the interpleaded funds should be disbursed. Case Procedure Order at ¶¶1-4.

The petitioner filed an Amended Petition In Interpleader [Doc. # 47] on February 15, 2007. Thereafter, nothing material occurred in the case for more than one year until April 22, 2008, when I set a status conference. In particular, the petitioner appears to have ignored the Case Procedure Order.

On April 24, 2008, the petitioner filed a Motion for Entry of Default By Clerk, seeking default against a number of the respondents because their addresses are unknown, the petitioner has been unable to locate them, the petitioner was unable to perfect personal service, or mail to the respondents was returned as undeliverable. The Clerk of the Court entered default pursuant to Fed. R. Civ. P. 55(a) as to the two respondents who had been served and had failed to respond

4

in the time allowed. Entry of Default [Doc. # 52, filed 4/25/2008]. As to the remaining 12 respondents against whom default was sought, the Clerk of the Court refused the request because they had not been served. Clerk's Note [Doc. # 53, filed 4/28/2008]. Subsequently, on April 30, 2008, the petitioner voluntarily dismissed 11 of the respondents "with prejudice" because they had "failed to answer or otherwise respond to Plaintiff's Amended Petition for Interpleader." Notice of Voluntary Dismissal of Certain Defendants [Doc. # 55, filed 4/30/2008] (the "Notice of Dismissal"). The Notice of Dismissal appears to have been made under Fed. R. Civ. P. 41(a)(1)(A)(i), is self-effectuating, and resulted in the dismissal of the petitioner's claims against those respondents upon the filing of the Notice. The dismissed respondents do not appear to have had any obligation to answer or otherwise respond to the Amended Petition, however, because there is no indication that they were served.

It appears that the case is in a procedural quagmire of the petitioner's making.

The Amended Petition seeks, among other relief, that at the end of these proceedings the petitioner be discharged from any and all liability under the Bond and be awarded its costs and fees in connection with this action. Amended Petition at p.7. The Tenth Circuit Court of Appeals has held in connection with the discharge of a petitioner in an interpleader action as follows:

> Where an insurance company is a mere stakeholder and can contribute nothing toward resolution of the issues between the other parties, its interpleader action is properly filed, and no genuine issue exists as to its rights and liabilities, it should be discharged from any and all liability arising out of or based on the policies involved, except to pay the proceeds of such policies to the party or parties ultimately adjudged to be entitled thereto.

American Home Life Ins. Co. v. Barber, 2003 WL 21289986 *2 (D. Kan. May 16, 2003)

5

(internal quotation omitted). Here, however, where a number of the potential claimants have been dismissed from the action at the request of the petitioner and no longer are parties, the petitioner will not be entitled to a discharge as to their potential claims. In addition, fees may be awarded to an interpleading plaintiff which is acting merely as a stakeholder; claims no interest in the disputed funds; admits its liability to pay the funds but faces the risk of multiplicity of actions from competing claimants; and acts promptly to have the competing claims to the funds resolved. 7 Wright, Miller & Kane, <u>Federal Practice and Procedure: Civil 3d</u> § 1719 at pp.677-86. It is not clear that the petitioner can satisfy the last requirement.

Consistent with matters discussed at the status conference this morning:

IT IS ORDERED that the petitioner shall submit, on or before **May 9, 2008**, a case plan which will result in the resolution of this matter as promptly as possible, and preferably before September 1, 2008.

Dated May 1, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge