IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01159-EWN-BNB

CNA SURETY, a/k/a WESTERN SURETY COMPANY, a South Dakota corporation,

Petitioner,

v.

BRENDA BOUSSON,
CHRISTINA COLBY,
KEVIN COLBY,
DEBORAH COMBS,
DON DAVIDSON,
TONIA DEMPS,
JAMIE P. DUBS,
FIRESIDE BANK,
FIRST FINANCIAL,
PHILISSA E. GILLIARD,
RUDOLPH GOMEZ,
LORNA HAY,
REGINALD HODGE,
TAMMY JENSEN,
CHERIE JORDACHE,
DENA MC CLAIN
MICHAEL MC KINNON,
MELISSA MOSS,
NARVEL POMELLS,
TRAVIS TALLEY,
PATRIC TAYLOR,
TREMAYNE TAYLOR,
GERTHA WALKER,
CLAY WILLHITE,
TERISH WILLIAMS,
MARK D. WINKLER, and
CHERYL POMMELLS,

Respondents.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter arises in connection with my Order to Show Cause [Doc. # 68] entered July 25, 2008. The order commanded the petitioner to show cause, on or before August 8, 2008, why the case should not be dismissed for lack of prosecution.

The history of this case is reviewed in my order dated May 1, 2008 [Doc. # 58]. In that order, I described the case as being "in a procedural quagmire of the petitioners' making." Id. at p.4.

Since that time, and despite the assurances of petitioner's counsel at a status conference on May 19, 2008, no steps have been taken to advance the case toward resolution. The case continues to languish and appears to have been abandoned by the petitioner. The petitioner failed to respond to the Order to Show Cause.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

I respectfully RECOMMEND that the case be dismissed without prejudice for lack of prosecution.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.

Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 22, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge